IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO DENTRAY BATTLE, <br> # 250833, <br><br> Petitioner, <br><br> v. <br><br> JOSEPH H. HEADLEY, *et al.*, <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:24-cv-212-ECM-SMD <br> ) (WO) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On April 2, 2024, Petitioner Antonio Dentray Battle, an inmate at the Staton Correctional Facility in Elmore, Alabama, initiated this action by filing a petition in the Eleventh Circuit Court of Appeals setting forth claims challenging his murder conviction and 22-year sentence entered in 2007 by the Circuit Court of Jefferson County, Alabama. Doc. 1. On April 3, 2024, the Eleventh Circuit transferred the action to this court, stating that "[b]ecause this matter is or appears to be an application for an original writ of habeas corpus, this matter is TRANSFERRED to the United States District Court for the Middle District of Alabama, Montgomery Division." Doc. 2 at 2; *see* Doc. 3. For the following reasons, the undersigned recommends that Battle's petition be transferred to the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

Battle challenges his conviction and sentence entered by the Circuit Court of Jefferson County, pursuant to which he is incarcerated in state prison. The proper vehicle for him to challenge his conviction and sentence is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See, e.g., Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005). Thus, his petition is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Under 28 U.S.C. § 2241(d), Battle may bring a § 2254 petition in either: (1) the federal district court for the district wherein he is in custody (i.e., the Middle District of Alabama, where the Staton Correctional Facility is located); or (2) the federal district court for the district within which the state court that convicted and sentenced him was held (i.e., the Northern District of Alabama, where the Circuit Court of Jefferson County is located). Section 2241(d) provides that this court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced" the petitioner. 28 U.S.C. § 2241(d).

The matters complained of by Battle in his petition stem from his conviction and sentence entered by the Circuit Court of Jefferson County. The records and witnesses relating to these matters are likely to be located in Jefferson County. Therefore, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

## III. CONCLUSION

The undersigned RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

Further, it is ORDERED that any objections to this Recommendation must be filed no later than **May 1, 2024.** An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. Failure to file a written objection to this Recommendation will bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of April, 2024.

/s/   Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE